IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SNAC LITE, LLC, d/b/a NATURUALLY MORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NUTS N' MORE, LLC, )<br>)<br>Defendant. ) | Case No.: 2:14-cv-01695- RDP<br><br>FILED UNDER SEAL |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE TRIAL TESTIMONY OF MICHAEL R. SOLOMON, PH.D. AS EXPERT WITNESS

COMES NOW Plaintiff, Snac Lite LLC, by and through its attorneys, and pursuant to Rule 702 of the Federal Rules of Evidence, files this Memorandum in support of its Motion to Exclude Jury Trial Testimony of the proposed expert witness, Michael R. Solomon, Ph.D. To be candid, Plaintiffs are unsure if this Motion is proper to be filed now, or at a later point as a Motion in Limine, but have acted to err on the side of caution.

### Introduction

Plaintiff has moved to exclude the proposed testimony of Defendant's expert, Michael R. Solomon, Ph.D. ("Dr. Solomon").

Defendant's inclusion of Dr. Solomon as a trial witness is due to be denied as Dr. Solomon has been contracted as an expert witness by the Defendants for the

sole reason of disputing Plaintiff's expert, Dr. Robert Robicheaux. Dr. Solomon adds absolutely zero independent thought and/or analysis to the issues before the court. His contributions are merely derivative opinions of the Defendant's counsel, based on personal estimations held by Dr. Michael Solomon and add nothing of material to the matter before the Court.

## I.   STANDARDS

### A.   Evidentiary Rulings Generally

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of*

*Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319, (11th Cir. 1988). *Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993).

Therefore, even the existence of many evidentiary errors does not guarantee the party appealing a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" for reversible error to occur.

### B.     Rulings Regarding Experts Specifically

Rule 702 of the Federal Rules of Evidence allows expert testimony when (1) the witness is qualified as an expert; and (2) his expertise "will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. More specifically, Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid 702. Rule 702 must be read in conjunction with three (3) seminal decisions by the Supreme Court of the United States related to expert testimony: *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Joiner, supra*; and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Additionally, all rulings on *Daubert* motions are reviewed under an abuse of discretion standard. *See, e.g., Joiner*, 522 U.S. at 141 ( "All evidentiary decisions are reviewed under an abuse-of-discretion standard."). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

II.     <u>Argument</u>

1. **Dr. Solomon's testimony should be struck due his lack of original contribution to this issues in this matter before the Court.**

Any trial testimony from Dr. Solomon attempting to discredit Plaintiff's expert Dr. Robicheaux is inadmissible under Daubert for a myriad of reasons.

First, Dr. Solomon admits in his deposition taken February 19, 2016 that his assignment as defined to him by Defendant's counsel was to:

> "provide an expert reaction to Dr. Robicheaux's report, to assess the credibility of his credentials to render an opinion, to examine the evidence that he used to reach a conclusions, and also to render an opinion amount what, in my expert opinion, would be necessary to make any conclusions about materiality or causation."[1]

The Eleventh Circuit has repeatedly emphasized the importance of the district court employing an exacting analysis in evaluating competency, reliability, and relevance of proffered expert testimony: "[t]he district court's role is especially significant since the expert's opinion can be both powerful and quite misleading because of the [jury's] difficulty in evaluating it." Frazier, 387 at 1260 (stating that "[t]he importance of <u>Daubert</u>'s gatekeeping requirement cannot be overstated.")

It is very clear the role of evaluating the competency of an expert is the sole responsibility of the Court. However, Defendants are attempting to usurp the Court's role in evaluating Dr. Robicheaux by employing Dr. Solomon. Dr. Solomon's inclusion would be inappropriate given that the role he is attempting to fill belongs exclusively to the Court. If this Court were to allow the testimony of Dr. Robicheaux at trial, then Dr. Solomon's testimony would be irrelevant.

---

[1] Deposition of Dr. Michael Solomon, page9, lines 2-7

Even if the Court excused the presumption of Defendants in employing a layperson to do the Court's job, Dr. Solomon's testimony offers nothing of substance to the Jury. Dr. Solomon admits in his assignment for Defendant's he reviewed no production from the Plaintiffs[2], has contributed no independent analysis of the facts and allegations of the case[3], and limits his expert offering to the assignment of perfunctorily discrediting Dr. Robicheaux's opinions with personal opinions of what Dr. Solomon would have done instead. Dr. Solomon cannot rely just on his "experience: o compensate for the lack of data and/or substance establishing Dr. Robicheaux's alleged shortcomings because opinions alone are not admissible under the Daubert standard.  As explained by the Eleventh Circuit: "[i]f admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be , for all practical purposes, subsumed by the qualification prong." U.S. v. Frazier, 387 F.3d 1244, 1261 (11th Cir. 2004)(en banc); see also Fed.R.Evid. 702 advisory committee's notes (2000) ("if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

---

[2] Deposition of Dr. Michael Solomon, page 16-19
[3] Deposition of Dr. Michael Solomon, page 72, lines 17-21; page 9, lines 2-8; page 8, lines 20-22; page 9, lines 9-14; pages 36-38

Finally, the requirement for admissibility of **expert** testimony under Fed. R. Evid. 702 is that it assist the trier of fact. By this requirement, **expert** testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered **expert** testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. United States v. Frazier, 387 F.3d 1244, 2004 U.S. App. LEXIS 21503, 65 Fed. R. Evid. Serv. (Callaghan) 675, 17 Fla. L. Weekly Fed. C 1132 (11th Cir. Ga. 2004). The trier of fact in this case would not be benefitted by the testimony offered by Dr. Solomon, and the proceedings' efficient would be benefitted by the exclusion of the witness as Defendants are capable of offering the opinions reported by Solomon independently.

Accordingly, any trial testimony by Dr. Solomon related to Dr. Robicheaux and this case should be excluded under Daubert.

**Conclusion**

For the forgoing reasons, Plaintiff Snac Lite respectfully requests that the Court exclude any testimony by Dr. Solomon at trial under controlling Eleventh Circuit precedent and the standards the Supreme Court established in Daubert.

Dated this 1st day of April, 2016.

                                        Respectfully submitted,

                                        */s/ J. Allen Schreiber*
                                        J. Allen Schreiber (ASB-2540-R76J)

                                        */s/ Robert E. Norton*
                                        Robert E. Norton (ASB-6568-E59N)

**OF COUNSEL:**
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Tel: 205-930-9091
Fax: 205-930-9054
aschreiber@burkeharvey.com
rnorton@burkeharvey.com

                                        **Attorneys for Plaintiff**

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2016, the foregoing was filed **UNDER SEAL with the Clerk of Court in compliance with Section III.A** of the Administrative Procedures. A true and correct copy will be served on counsel of record **via hand-delivery** to:

Alan D. Mathis, Esq.
Butler Snow LLP
One Federal Place, Suite 100
1819 5th Avenue North
Birmingham, AL 35203

and **via U. S. Mail** to:

Nicole L. Williams, Esq.
Thompson & Knight, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201-2533

                                             */s/ J. Allen Schreiber*
                                             **OF COUNSEL**