FILED
2016 Nov-14  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

Lionel Z. Glancy (#134180)
Marc L. Godino (#182689)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: mgodino@glancylaw.com

Rosemary M. Rivas (#209147)
**FINKELSTEIN THOMPSON LLP**
505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704
Email: rrivas@finkelsteinthompson.com

*Attorneys for Individual and Representative*
*Plaintiff Brian O'Dea*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DEA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC., a Delaware Corporation,<br>Defendant. | Case No. '13CV3158 L    NLS<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1   Plaintiff Brian O'Dea ("Plaintiff"), by and through his counsel, on behalf of

2   himself and all others similarly situated, brings this class action against ConAgra Foods,

3   Inc. ("ConAgra Foods") or ("Defendant"), and alleges the following upon personal

4   knowledge as to his own experience, and based upon information and belief and the

5   investigation of his counsel as to all other matters:

6                               **NATURE OF THE CASE**

7        1.      ConAgra Foods is a corporation that owns Chef Boyardee, a brand of canned

8   pasta products sold worldwide.  Chef Boyardee food products are sold in cans or other

9   packaging, and include foods such as spaghetti, ravioli, lasagna, mini bites pasta, whole

10  grain pasta, fun flavor pasta, pizza and sauces.  The Chef Boyardee pastas are available in

11  three sizes: a microwaveable sized bowl, a 15-oz can, and a 40-oz can. Chef Boyardee

12  branded microwavable sized pasta bowls are at issue in this case.

13       2.      In an attempt to appeal to health conscious consumers, Defendant

14  represented on its Chef Boyardee line of microwavable sized pasta bowls— Beef Ravioli,

15  Beefaroni, Cheese Ravioli, Lasagna, Mac & Cheese, Mini ABC's & 123's With

16  Meatballs, Mini Beef Ravioli & Meatballs, Mini Pasta Shells & Meatballs, Mini

17  Spaghetti Rings & Meatballs, Rice With Chicken & Vegetables, and Spaghetti &

18  Meatballs (the "Products")—that they contain "No MSG" or "No MSG Added."  "MSG"

19  stands for monosodium glutamate, a controversial flavor enhancer that reportedly can

20  cause headaches, flushing, sweating, facial pressure or tightness, numbness, tingling or

21  burning in the face, neck and other areas, rapid, fluttering heartbeats, chest pain, nausea

22  and weakness.

23       3.      The "No MSG" or "No MSG Added" representations are made on the very

24  front of the label wrapped on the Products and above the "No MSG" or "No MSG

25  Added" representations the label boasts "Good Stuff Inside." The Products, however, are

26  not MSG free because they contain several ingredients that have MSG.  While the Food

27  and Drug Administration ("FDA") does not require ingredients containing MSG to

28  specify that they contain MSG, the FDA prohibits foods with ingredients that contain

---

CLASS ACTION COMPLAINT

1  MSG from being labeled as "No MSG" or "NO added MSG."  MSG also cannot be listed

2  as "spices" or "flavoring."

3      4.    Defendant knows that consumers seek to purchase foods they perceive as

4  healthier products and/or products without MSG, and, accordingly Defendant advertises

5  and markets the Products with the intention that consumers rely on the representations

6  made on the front of the labels.

7      5.    Plaintiff brings claims for violations of California's Unfair Competition

8  Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.,*("UCL"), the False Advertising Law, Cal.

9  Bus. & Prof. Code §§ 17500, *et seq.,*("FAL"), the Consumers Legal Remedies Act, Cal.

10  Civ. Code §§ 1750, *et seq.,*("CLRA"), and for breach of California's express warranty

11  law.  Plaintiff seeks damages, restitution, and injunctive relief in the form of an order

12  requiring Defendant to (1) cease the unlawful marketing alleged herein; and (2)

13  implement a corrective advertising campaign.

14                      **JURISDICTION AND VENUE**

15      6.    Defendant is engaged in inter-state commerce or activity affecting inter-state

16  commerce. This Court has personal jurisdiction over the parties because, among other

17  things, Defendant engaged in illegal schemes and acts directed at, and that had the

18  intended effect of causing injury to persons residing in, located in, or doing business in

19  the State of California (the "Judicial District"), and throughout the United States.

20  Defendant is present in this Judicial District, and/or conducted substantial business in this

21  Judicial District, and/or has had extensive, systematic, and continuous contacts with this

22  forum, and/or a substantial part of the actions which gave rise to Plaintiff's causes of

23  action occurred in or emanated from this Judicial District.

24      7.    This Court has subject matter jurisdiction over this action pursuant to the

25  Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because Plaintiff and Class

26  members are of diverse citizenship from the Defendant; the number of members of the

27  proposed Class exceeds 100; and the aggregate amount in controversy exceeds

28  $5,000,000.

CLASS ACTION COMPLAINT

1    8.    Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff

2  is a resident and citizen of this District; a substantial part of the events or omissions

3  giving rise to the claims occurred within this District; and/or Defendant has caused harm

4  to Class members residing within this District.

<b><u>PARTIES</u></b>

6    9.    Plaintiff Brian O'Dea is a resident and citizen of Coronado, California.

7  Plaintiff purchased Chef Boyardee's Beefaroni microwavable sized pasta bowl.  To the

8  best of his recollection, he bought the Beefaroni product from CVS at 645 Market Street,

9  San Diego, California on or around August 24, 2013.  In choosing to purchase the

10  Beefaroni product, Plaintiff relied on the representation that the product contained "No

11  MSG."  Plaintiff would not have bought the product had he known that it contained

12  MSG.

13    10.    Defendant ConAgra, Inc. is a Delaware corporation with its principal place

14  of business at One ConAgra, Omaha, NE 68102-5001. ConAgra is a multi-billion dollar

15  corporation that owns and operates American packaged food companies. It produces

16  canned foods, frozen foods, condiments, snacks, and so forth distributed under many

17  different brands. Among these brands include Chef Boyardee, Orville Redenbacher,

18  Marie Calendar, PAM, Slim Jim, Swiss Miss, Blue Bonnet, Healthy Choice, Hunts, and

19  Hebrew National. At issue in this litigation are the Chef Boyardee microwavable sized

20  pasta bowls, which Defendant distributes to retail consumers throughout California and

21  the United States through supermarkets, big box stores, and whole-sale clubs nationwide

22  including, but not limited to, CVS, Target, Walmart, Kroger, Costco Wholesale,

23  Safeway, Albertsons, and Food 4 Less.

<b><u>SUBSTANTIVE ALLEGATIONS</u></b>

<b><u>What is Monosodium Glutamate?</u></b>

26    11.    Monosodium glutamate, or MSG, is the processed sodium salt of the

27  common amino acid glutamic acid, an amino acid which is naturally present in many

28  foods and food additives.

CLASS ACTION COMPLAINT

1     12.    As a food additive, MSG was first introduced as a powder called "Accent,"

2    when it first hit the U.S. market.  It was invented by Kikunae Ikeda, who went on to form

3    the company Ajinomoto, the world's largest producer of MSG.  MSG enhances the flavor

4    of foods by making processed meats and frozen dinners taste fresher, smell better, and

5    canned food products less tinny.

6     13.    The additive MSG is reported as consisting of approximately 78 percent free

7    glutamic acid, 21 percent sodium, and up to 1 percent contaminants.  MSG has very little

8    taste to it, however, when eaten it tricks people into thinking the food being consumed

9    tastes better and has more protein.  This is because glutamate has the taste of umami, one

10   of the five basic tastes.

11     14.    The FDA has received reports of symptoms, such as headaches and nausea,

12   resulting from MSG consumption.  Additionally, medical literature has reported

13   numerous side effects that people experience after eating foods with MSG.  Many experts

14   have linked adverse effects to regular consumption of MSG. Adverse effects include but

15   are not limited to: headaches; fatigue and disorientation; depression; numbness; burning

16   sensation; tingling; facial pressure or tightness; chest pain or difficulty breathing; nausea

17   and rapid heartbeats; drowsiness and weakness.

18              **Food Manufacturers Deceptively Hide "MSG" in their Food Labels**

19     15.    Consumers have increasingly sought healthier packaged foods that are

20   monosodium glutamate (MSG) free. According to the Institute of Food Technologists, in

21   2010 consumers increasingly cited to chemicals in food as the most important food safety

22   issue, with 49% of consumers deliberately avoiding MSG.

23     16.    Manufacturers understand that people avoid MSG.  Instead of removing

24   MSG from their products, however, manufacturers have attempted to obscure the fact that

25   MSG is in their food products by using ingredients that contain MSG but have names that

26   consumers do not recognize as being associated with MSG, since the FDA requires

27   manufacturers to list the ingredient "monosodium glutamate" on food labels.  The FDA,

28   however, does not require food labels to specify that the food naturally contains MSG.

4

CLASS ACTION COMPLAINT

Foods containing ingredients with naturally occurring MSG, however, cannot be labeled "No MSG" or "No added MSG."

17.    There are more than 40 ingredients containing glutamic acid.  Whether an ingredient contains glutamic acid, however, cannot be readily determined by consumers based on the names of the ingredients alone.  Additionally, in some foods glutamic acid is formed during processing, which food labels do not disclose.

18.    The following ingredients always contain MSG:  autolyzed yeast, calcium caseinate, gelatin, glutamate, glutamic acid, hydrolyzed protein, monopotassium glutamate, monosodium glutamate, sodium caseinate, textured protein, yeast extract, yeast food, yeast nutrient, and umami.

19.    Additionally, the following ingredients contain or create MSG during processing:  flavors and flavorings, seasonings, natural flavors and flavorings, natural pork flavoring, natural beef flavoring, natural chicken flavoring, soy sauce, soy protein isolate, soy protein, bouillon, stock, broth, malt extract, malt flavoring, barley malt, enzyme modified ingredients, carrageenan, maltodextrin, pectin, enzymes, protease, corn starch, citric acid, powdered milk, and protein fortified and ultra-pasteurized ingredients.

**Defendant's Microwavable Sized Pasta Bowls Contain MSG Contrary to the Representations on the Front of the Label**

20.    The Chef Boyardee microwavable pasta bowls state expressly on the front of the label that "Good Stuff Is Inside," and below that they say "No MSG" or "No MSG Added."

21.    Below are images of the labels of the misrepresentations at issue:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25
26
27
28



7

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





CLASS ACTION COMPLAINT



22.     The Chef Boyardee microwavable sized pasta bowls contain one or more ingredients that contain MSG or create MSG during processing, thus rendering the "No MSG" or "No MSG Added" representations false.  Below is a table showing the Products and the processed ingredients that contain MSG or are known to contain MSG (the "Deceptively Labeled Ingredients"). The Products may also contain other ingredients that contain MSG or are known to contain MSG.

| PRODUCT | INGREDIENT |
| --- | --- |
| Beef Ravioli | Textured Vegetable Protein |
| | Modified Corn Starch |
| | Enzyme Modified Cheese |
| | Flavorings |
| Beefaroni | Textured Vegetable Protein |
| | Modified Corn Starch |
| | Enzyme Modified Cheese |

CLASS ACTION COMPLAINT

| | Flavorings |
|---|---|
| Cheese Ravioli | Enzymes |
| | Malted Barley |
| | Modified Corn Starch |
| | Spices |
| | Flavorings |
| Lasagna | Modified Corn Starch |
| | Enzymes |
| | Spices |
| | Romano Cheese Paste |
| Mac & Cheese | Sodium Caseinate |
| | Modified Corn Starch |
| | Natural Flavors |
| | Maltodextrin |
| | Protein Isolate |
| | Citric Acid |
| | Cheese Powder |
| Mini ABC's & 123's With Meatballs | Soy Protein Concentrate |
| | Flavorings |
| | Enzyme Modified Cheddar |
| | Modified Corn Starch |
| | Citric Acid |
| Mini Beef Ravioli & Meatballs | Soy Protein Concentrate |
| | Flavorings |
| | Citric Acid |
| | Modified Corn Starch |
| | Textured Vegetable Protein |
| | Enzyme Modified Cheese |

CLASS ACTION COMPLAINT

| Mini Pasta Shells & Meatballs | Soy Protein Concentrate |
|---|---|
| | Flavorings |
| | Citric Acid |
| | Modified Corn Starch |
| Mini Spaghetti Rings & Meatballs | Soy Protein Concentrate |
| | Flavorings |
| | Citric Acid |
| | Modified Corn Starch |
| | Enzyme Modified Cheese |
| | Flavorings |
| Rice With Chicken & Vegetables | Modified Corn Starch |
| | Flavorings |
| | Autolyzed Yeast Extract |
| | Spices |
| | Chicken Broth |
| | Soy Protein |
| Spaghetti & Meatballs | Soy Protein Concentrate |
| | Flavorings |
| | Citric Acid |
| | Modified Corn Starch |
| | Soy Protein |
| | Enzyme Modified Cheese |

23.    Defendant is well aware of consumer tendencies to seek out food labeled as having "No MSG" and by representing that its Products contain "No MSG" or "No MSG Added," Defendant takes advantage of consumers, misleading them to sell more products.  Defendant's Chef Boyardee microwavable sized pasta bowls display prominent "No MSG" or "No MSG Added" claims on the front of the package. By

CLASS ACTION COMPLAINT

1   contrast, the bowl references the Deceptively Labeled Ingredients in fine print, in an
2   inconspicuous location on the back of the label.

3       24.    The result is a labeling scheme that is designed to mislead consumers, and
4   which does so effectively.

## CLASS ACTION ALLEGATIONS

6       25.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks
7   certification of a class initially defined as follows:

8           All persons who bought one or more of ConAgra's Chef Boyardee microwavable
9   sized pasta bowls with the representations "No MSG" or "No MSG Added,"
10  including:  Beef Ravioli, Beefaroni, Cheese Ravioli, Lasagna, Mac & Cheese, Mini
11  ABC's & 123's With Meatballs, Mini Beef Ravioli & Meatballs, Mini Pasta Shells &
12  Meatballs, Mini Spaghetti Rings & Meatballs, Rice With Chicken & Vegetables, and
13  Spaghetti & Meatballs.

14      26.    Excluded from the Class are Defendant and their subsidiaries and affiliates,
15  Defendant's executives, board members, legal counsel, and their immediate families.

16      27.    Plaintiff reserves the right to amend, modify, or expand the Class definition
17  after having the opportunity to conduct discovery.

18      28.    Numerosity. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as
19  defined are so numerous that joinder of all members is unfeasible and not practicable.
20  While the precise number of Class members has not been determined at this time,
21  Plaintiff is informed and believes that many thousands of consumers have purchased one
22  or more of the Chef Boyardee's microwavable sized pasta bowls.

23      29.    Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law
24  and fact common to the Class, which predominate over any questions affecting only
25  individual Class members. These common questions of law and fact include, without
26  limitation:

27      (a)    Whether Defendant misrepresented that the Products have "No MSG" or
28  "No MSG Added";

CLASS ACTION COMPLAINT

(b)      Whether the Products have MSG;

(c)      Whether Defendant violated Cal. Civ. Code §§ 1750, *et seq.*;

(d)      Whether Defendant violated Cal. Bus. and Prof. Code §§ 17500, *et seq.*;

(e)      Whether Defendant violated Cal. Bus. and Prof. Code §§ 17200, *et seq.*;

(f)      Whether Defendant violated Cal. Health and Safety Code §§ 109875, *et seq.*;

(g)      Whether Defendant breached California's express warranty law, Cal. Com. Code § 2313; and

(h)      The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

30.      <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class.  Plaintiff and Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

31.      <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel is competent and experienced in litigating class actions.

32.      <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

33.      <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). Defendant's actions regarding the packaging and labeling, and/or approval of the packaging and labeling of the microwavable sized pasta bowls are uniform as to members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief as requested herein is appropriate respecting the Class as a whole.

# FIRST CAUSE OF ACTION

## California Consumers Legal Remedies Act – Cal. Civ. Code §§ 1750, *et seq.*

34.    Plaintiff incorporates by reference and realleges all previous paragraphs.

35.    Defendant is a "person" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Cal. Civ. Code §§ 1761(a) and 1770. Defendant's customers, including Plaintiff and Class members, are "consumers" within the meaning of Cal. Civ. Code §§ 1761(d) and 1770. Each purchase of Defendant's microwavable sized pasta bowls by Plaintiff and each Class member constitutes a "transaction" within the meaning of Cal. Civ. Code §§ 1761(e) and 1770.

36.    The Consumers Legal Remedies Act makes it unlawful for a company to:

(a)    Represent that goods have characteristics or ingredients which they do not have. Cal. Civ. Code § 1770(a)(5);

(b)    Represent that goods are of a particular standard, quality, or grade, if they are of another. Cal. Civ. Code § 1770(a)(7); and

(c)    Advertise goods with the intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9).

37.    Defendant violated Cal. Civ. Code § 1770(a)(5), (7) and (9) by intentionally representing that the Products have "No MSG" or "No MSG Added," when they contain MSG. Defendant knew or should have known that the microwavable sized pasta bowls could not meet the standard of having "No MSG" or "No MSG Added."

38.    Plaintiff reasonably relied on Defendant's misrepresentations.  As a result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

39.    Plaintiff has sent Defendant notice in compliance with Cal. Civ. Code § 1782(a).  If Defendant does not respond, Plaintiff will file an amended complaint seeking damages under the CLRA.

40.    Plaintiff has complied with Cal. Civ. Code § 1780(d) by submitting an affidavit attached hereto as Exhibit A.

16

CLASS ACTION COMPLAINT

1    41.    Plaintiff seeks injunctive relief against ConAgra, in the form of an order

2  prohibiting Defendant from engaging in the misconduct described herein and requiring

3  Defendant to perform a corrective advertising campaign.

4                           **SECOND CAUSE OF ACTION**

5      **The False Advertising Law – Cal. Bus. & Prof. Code §§ 17500, *et seq.***

6    42.    Plaintiff incorporates by reference and realleges all previous paragraphs.

7    43.    Defendant publicly disseminated untrue or misleading advertising or

8  intended not to sell the products as advertised in violation of the False Advertising Law,

9  by representing that the Chef Boyardee microwavable sized pasta bowls have "No

10  MSG" or "No MSG Added," when they contain MSG.

11    44.    Defendant committed such violations of the False Advertising Law with

12  actual knowledge or in the exercise of reasonable care should have known was untrue or

13  misleading.

14    45.    Plaintiff reasonably relied on Defendant's representations made in violation

15  of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

16    46.    As a result of Defendant's violations, Plaintiff suffered injury in fact and

17  lost money.

18    47.    Accordingly, Plaintiff, on behalf of himself and all others similarly

19  situated, seek restitution and injunctive relief against Defendant in the form of an order

20  prohibiting Defendant from engaging in the alleged misconduct described herein, and

21  requiring Defendant to perform a corrective advertising campaign.

22                           **THIRD CAUSE OF ACTION**

23    **California Unfair Competition Law – Cal. Bus. & Prof. Code §§ 17200, *et seq.***

24    48.    Plaintiff incorporates by reference and realleges all previous paragraphs.

25    49.    Defendant engaged in unlawful, unfair, and/or fraudulent conduct under

26  Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by representing and/or approving the

27  representations that the Chef Boyardee microwavable sized pasta bowls as "No MSG"

28  or "No MSG Added," when they contain MSG.

50.     Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.,* the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.,* California's Sherman Food, Drug & Cosmetic Law, Cal. Health and Safety Code §§ 109875, *et seq.,* including but not limited to, §§ 110290, 110390, 110395, 110398, 110400, and 110660, and California's express warranty law, Cal. Com. Code § 2313.

51.     Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members. The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct. Defendant's conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act, False Advertising Law, California's Sherman Food Drug & Cosmetic Law, and California's express warranty laws alleged herein.

52.     Defendant's conduct is fraudulent in that the alleged misrepresentations on the Chef Boyardee microwavable sized pasta bowls are likely to deceive reasonable consumers.

53.     Plaintiff relied on Defendant's misrepresentations and/or approval of the misrepresentations on the microwavable sized pasta bowl.

54.     As a direct result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

55.     Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seek restitution and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and requiring Defendant to perform a corrective advertising campaign.

//

//

//

18

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### (Breach of Express Warranty, Cal. Com. Code § 2313)

56.    Plaintiff incorporates by reference and realleges all previous paragraphs. This claim is brought by Plaintiff on behalf of himself and the Class.

57.    Defendant made an express warranty and/or approved the use of the express warranty to Plaintiff and members of the Class that the food products they were purchasing did not contain MSG by making the representations "No MSG" or "No MSG Added."

58.    The express warranties made to Plaintiff and the Class appears on every package of the Chef Boyardee microwavable sized pasta bowls labeled "No MSG" or "No MSG Added." This promise regarding the nature of the products marketed by ConAgra specifically related to the goods being purchased and became the basis of the bargain.

59.    Plaintiff and the Class purchased the Chef Boyardee microwavable sized pasta bowls based on the belief that they conformed to the express warranties that were made on the products' packaging.

60.    Defendant breached the express warranty made to Plaintiff and members of the Class by failing to supply goods that conformed to the warranty made. As a result, Plaintiff and the members of the Class suffered injury and deserve to be compensated for the damages they suffered.

61.    Plaintiff and the members of the Class paid money for the Chef Boyardee microwavable sized pasta bowls labeled as "No MSG" or "No MSG Added." However, Plaintiff and the members of the Class obtained products with MSG. If Plaintiff and other members of the Class had known of the true nature of the products, they would not have purchased the products or would have paid less for the products.

62.    Plaintiff and the Class are therefore entitled to recover damages.

//

//

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and Class members, pray for relief as follows:

A.    For an order that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiff be appointed as Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

B.    Restitution in such amount that Plaintiff and all Class members paid to purchase the Chef Boyardee microwavable sized pasta bowls, or the profits Defendant obtained from those transactions.

C.    Actual compensatory damages for economic losses in such amount that Plaintiff and all Class members paid to purchase the Chef Boyardee microwavable sized pasta bowls.

D.    An order enjoining Defendant from engaging in the misconduct described herein and requiring them to perform a corrective advertising campaign.

E.    An order awarding Plaintiff his costs of suit incurred herein, including expert witness fees, reasonable attorneys' fees, and pre and post-judgment interest, at the legal rate.

F.    An order requiring an accounting for and imposition of a constructive trust upon all monies received by Defendant as a result of the unfair, misleading, fraudulent, and unlawful conduct alleged herein.

G.    Such other and further relief as may be deemed necessary or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims so triable.

CLASS ACTION COMPLAINT

DATED: December 24, 2013          Respectfully submitted,


                                  By: *s/ Marc L. Godino*
                                  Lionel Z. Glancy
                                  Marc L. Godino
                                  **GLANCY BINKOW & GOLDBERG LLP**
                                  1925 Century Park East, Suite 2100
                                  Los Angeles, CA 90067
                                  Telephone: (310) 201-9150
                                  Facsimile: (310) 201-9160
                                  Email:  mgodino@glancylaw.com

                                  **FINKELSTEIN THOMPSON LLP**
                                  Rosemary M. Rivas
                                  505 Montgomery Street, Suite 300
                                  San Francisco, California 94111
                                  Telephone: (415) 398-8700
                                  Facsimile: (415) 398-8704

CLASS ACTION COMPLAINT

## AFFIDAVIT OF BRIAN O'DEA

1.    I, Brian O'Dea, submit this affidavit pursuant to California *Civil* 1780(d) of the Consumers Legal Remedies Act and declare the following.

2.    I am the named plaintiff in this action and I am a resident and a citizen of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

3.    During the last three years, I purchased the Chef Boyardee food products which are the subject of this Complaint in San Diego, California.

4.    I did so based on information and advertising disseminated by ConAgra Foods, Inc.

5.    While living in California, I purchased Chef Boyardee's Beefaroni microwavable sized pasta bowl for personal consumer use.  I read the label for this product, that indicated that it contained "No MSG," and purchased the product in reliance on that claim.  The "No MSG" representation on the product packaging was a material and substantial factor which influenced my decision to purchase this food product.  I would not have purchased this food product had I known that it was not, in fact, "No MSG."

6.    The Complaint in this action has been filed in the proper place for trial under California *Civil Code* § 1780(d) in that Defendant conducts a substantial amount of business in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on December 23, 2013 at _____ California.

BRIAN O'DEA

22
AFFIDAVIT OF BRIAN O'DEA